You may proceed. Taylor Markway here on behalf of Appellant Liberty Mutual Fire Insurance Company. Section 1447C authorizes only two grounds for remand of a case removed from state court to federal court. Either lack of subject matter jurisdiction or a timely raise removal defect. The remand in this case was not based on either of these two grounds. The district court declined to remand based on jurisdiction. And the district court did not identify any removal defect either. In fact, its 19-page opinion does not contain a single mention of the word defect. The district court instead remanded based on a purported third ground. James McGlory's supposed power to veto removal under Section 1448, a post-removal statute that imposes no removal requirements on a defendant, but concerns only a plaintiff's post-removal service of process. For three alternative reasons, this supposed veto power was not an authorized ground for remand. One, it does not qualify as a removal defect. Two, it was not raised by a party. And three, it was not timely raised. For any or all of these alternative reasons, the district court's remand was unauthorized and must be vacated. Starting with the lack of a defect. The term defect has a narrow meaning. It applies solely to failures to comply with the statutory requirements for removal. But isn't this, you know, I get your argument. But the district court thought there was a veto power, which would fall into the category of non-removal defects, or removal defects, excuse me. And so I wonder whether the stronger argument is that we're really getting the merits, which is that there is no veto power. You know what I mean? Like if it was in there and it said veto power, that would be a removal defect, non-jurisdictional removal defect. Well, I don't think the veto power can be a removal defect because the district court thought the veto power fell under Section 1448. And Section 1448 imposes no removal requirements. There's nothing a defendant has to do under Section 1448 to effectuate removal. So because Section 1448 imposes no statutory requirements on a defendant, it cannot possibly serve as a basis. Let me ask you this. Suppose that the defendant had been properly served, McLaurin, McClory. McClory. McClory had been properly served, and he did not consent to the removal in a timely fashion. But it got removed anyways. Would that be a non-jurisdictional removal defect? Yes, it would be under Section 1446. But in this case, the district court correctly concluded that there was no violation of Section 1446. But on your point about this veto power not actually existing, that's exactly correct. Section 1448 states in part, quote, the section shall not deprive any defendant upon whom process is served after removal of his right to move to remand the case. And so by its plain terms, Section 1448 does not create any right to remand, as the district court wrongly believed. Do you think that this district court's not the only one to use that phrase? And it seemed to me it was more of a shorthand to say they moved to remand. Or joined a motion. Right. So yes, you can move to remand, but the right to move to remand is governed by Section 1447C. And under 1447C, you can only move to remand based on lack of subject matter jurisdiction or a timely raised removal defect. Here the district court said it doesn't matter. He doesn't have to raise any ground. He just doesn't consent. And that's not how it works. Section 1448 does not grant an automatic right to veto a removal. Even if the district court's remand was based on a removal defect, Section 1447C does not authorize a remand based on a removal defect unless the defect is raised by a party. A removal defect cannot be raised sui sponte by the court. This is because all non-jurisdictional grounds for remand are deemed waived if not timely raised by a party. G.T. and James Liguori argue that James Liguori is the party who raised his supposed veto power under Section 1448. But James Liguori is not the type of party who can request a remand. According to this court, a nominal defendant is one against whom no real relief is sought. G.T.'s garnishment action seeks relief against only Liberty Mutual. No relief is sought against James Liguori. That means he is merely a nominal defendant per this court's very own definition. A nominal defendant has no controlling significance, must be ignored for removal purposes, and thus has no right to seek remand. Now, G.T. and James Liguori do not dispute that James Liguori meets the definition of a nominal defendant under this court's very own definition because no relief is sought against him. Instead, they argue that James Liguori is a necessary or indispensable party under Missouri procedural law. Well, they are wrong on that point. The Missouri Supreme Court has explicitly held that a judgment debtor such as James Liguori is not a necessary or indispensable party to an equitable garnishment action. And when it comes to Missouri law, this court is bound by the Missouri Supreme Court's holding on that procedural aspect of Missouri law. Regardless, even if state procedural law required James Liguori's joinder, it is well established that state procedural law cannot control the right of removal under federal law. And for this very reason, the Supreme Court has long held that a defendant can be deemed nominal for removal and jurisdictional purposes, even if state procedural law requires his joinder. How does colorability play into all this? I mean, we're going to talk about timing in a second. I'm going to have a long discussion with opposing counsel about timing of the motion. But you're having to make a very, I think, technical argument. I like it because I'm a former fed courts professor. But it's a technical argument, right? And so colorability is a pretty low standard. And so maybe the district court was wrong, but the district court didn't kind of do the extensive analysis you're doing. So is it colorable? No, it is not. Colorable means debatable under this court's precedent. There's not a single mention of the word defect anywhere in the district court's opinion. It was not colorably remanding based on a defect. Rather than a defect, the district court remanded based on the supposed veto power under Section 1448. But it's not debatable that Section 1448 is a post-removal statute that imposes no statutory requirements for removal on a defendant, but only governs a plaintiff's post-removal service of process. Nor is it debatable that Section 1448 refers only to preserving the right to move to remand. It does not create any automatic veto power, no automatic right to remand for a previously unserved defendant. So I think G.T. and McClory's argument is not colorable. It's simply ignoring the statutory language used in Section 1448. And it's not colorable that the district court can raise this upon themselves? I know it's not jurisdictional, but even with non-jurisdictional issues, if they're threshold-type issues, the district court can usually raise them. We can raise them even on appeal, potentially. So wouldn't it at least be colorable that the lack of an objection by a party wouldn't make much difference? I'm not sure I follow that question. So things like waiver and forfeiture tend to be discretionary. And so what I'm getting at, you said there was no objection from the party that the district court employed reasoning that neither party asked for, right? Correct. But we can do that on appeal. So why wouldn't it be colorable that the district court could apply the murky forfeiture waiver standards, which seem to depend on the circumstances, and say, well, the fact that we don't have an objection here from one of the parties isn't fatal? Well, all circuit courts have addressed this issue or are in agreement that a removal defect, a non-jurisdictional ground, is waived if not raised by a party. A circuit court cannot sui sponte raise that. The court has not specifically addressed that issue, but all other circuit courts are in agreement. Could a district court do it? Could a district court say to the litigants, hey, I think you're forgetting about this. Oh, yeah, we are forgetting about that, Your Honor. Let's go ahead and raise that. I mean, would that be fine? I mean, no, not if the 30 days had already ran. Well, that's different. Yeah, no, that's different. I mean, at that point, the removal defect is waived. Because this wasn't completely sui sponte. This issue was presented to the district court. I mean, back to the colorable claim. No. Well, the issue, they did not, he did not want to be, it seems to me that the sui sponte is when the defendant has chosen the forum, right? Like, no, I want to be here. And the district court says, oh, no, wait a minute. I'm going to raise a non-jurisdictional defect here and remand. Well, that's not what's happening here as a practical matter, right? Well, here's the problem with that. This court has held that when a person that's seeking to remand raises some removal defects but omits others, those omitted defects are deemed waived. It doesn't matter that you raise some. You have to be specific about the defect you're raising. And James McClory's joiner in this case said not a word about a veto power, not a word about consent, not a word about Section 1448. Would it be reasonable for the district court to say, well, joined a motion to remand. He's not consenting. Well, but then that's also assuming his consent matters, which it does not in this case. Well, but for purposes of this question, that's not necessarily sui sponte. So I think to get there, though, the district court would have to ignore Rule of Civil Procedure 7B1B, which requires that a motion state with particularity the grounds for seeking an order. But, again, we're back to colorable. Would it be colorable? No, I don't believe so. Because there's no dispute that there was no mention. It's not debatable that there was no mention of Section 1448 or a veto power. James McClory only brought up a subject. There is no veto power, so that would matter. That's a separate. So there's two different issues, whether the veto power exists, and if it exists, was it raised. I'm addressing was it raised. It was not raised. It was not colorably raised. Liberty Mutual had no notice and opportunity to respond to any argument about a veto power or Section 1448. The district court just came up with that reason completely on its own. Had James McClory briefed that argument, we would have had a chance to respond and explain that doesn't exist. We were not given that opportunity. Assume it was timely, though. He's just saying, I don't want to be here. I'm joining. I don't want to be here. He still has to state with particularity the basis, and he never says, I get an automatic right to remand. I'm a defendant who doesn't want to be there. That's not what he said. He said there's no subject matter jurisdiction. So that's the argument. That's the only argument we were put on notice of, the only argument we had the opportunity to brief. If it was timely, what would your argument be to, I don't want to be here, I don't consent? His consent doesn't matter. Okay. All right. And let's assume that consent, that he's not a nominal defendant and it's timely. What would your response be? I'm sorry. Let me ask that. How would your response be different if that was added in to the subject matter jurisdiction? So if you're saying the veto power exists. I'm saying he's not consenting and it's timely and he's not nominal. And if the veto power exists, then we wouldn't be here. Because that would. I'm not adding in a veto. Maybe we're talking past each other. I'm sorry. I guess I'm saying his lack of consent doesn't matter unless there is this veto power. The consent only matters under Section 1446, and that's only for served defendants, which he was not one. So his consent, even if he raised it, wouldn't matter. So you're saying that after that, it just doesn't matter. According to Congress, it doesn't matter because that's how they wrote the statute. According to Congress, it doesn't matter. It's your position. All right. No other questions. I'll reserve our remaining time for rebuttal. Thank you. May it please the court. I'm Jeff Bauer. I'm here on behalf of Plaintiff G.T. I'd like to address one thing that was raised in regard to what was not in the court's order. Specifically, the district court's order multiple times cited to lack of unanimity, cited to Section 1447, and cited to Section 1448. The argument that the court did not find a defect under Section 1446, I believe, is inconsistent with the terms of the court's order. But that's only in the order denying reconsideration because I did not read the earlier order as invoking any of those things. Your Honor, on page 15, this is document number 85, which is the court's order. It has a section called consent removal. It then spends a considerable amount of time going over the rule of unanimity. It then goes to, and the term veto power is not something this court came up with. It is a term that numerous other federal courts have come up with as shorthand for saying once you're brought into a case, do you have a right to thereafter, once you're served or voluntarily enter your appearance, do you have a right just like you would to consent to federal jurisdiction to say no? I want to instead not consent to federal jurisdiction. And so the argument that the court did not basis on a defect is an argument, no, the court misinterpreted the application of those two statutes, which respectfully I believe is exactly what the Power Act's court, this court, and numerous other circuit courts have all held is a deep look, which does not comport with the requirement of, quote, a peak to see if the district court is attempting to dress up a 1446 wolf in supposed sheep's clothing. In other words, you're trying to claim it's under 1447, but you're really doing it because under like Throckmorton your docket's too full or something like that. Now, I wanted to follow up because you mentioned 1447. I was mistaken in my question a moment ago. I was actually thinking of the fact that the district court did not justify the remand as a 1447C remand until the order for reconsideration, making it therefore potentially unreviewable under 1447D. I don't understand him to have invoked that until the order. I don't think the court specifically said it. However, I think you read the court's opinions like you would anything else. What does the court say if your honor would look at page 18 of the order, the final summary paragraph, or pardon me, summary couple of sentences. Therefore, the court finds this cause of action should be remanded to state court for lack of unanimity among the defendants as the proper form for this suit. Defendant does not agree as a suitability of proceeding in federal court. Historically, since Rock Island in 1900, that was a common law rule the Supreme Court adopted in the 2011 modifications to the statutes to clarify both venue and jurisdiction. The legislature said, no, that is in fact the correct rule. You have the court in its order using the term which for over 120 years at that point is the term that courts use when they say it's a lack of unanimity, you don't have the required proper jurisdiction. Therefore, the court at least in its mind was finding lack of unanimity which therefore makes it a 1446 finding. Let me just, I'm going to follow up. I'm just going to cut to the chase. The thing that really concerns me and makes me think this isn't a 1447C. It was filed 40 days afterwards and C as clear as can be, that the motion to remand has to be done in 30 days. I don't know how a motion to remand filed 40 something days earlier, 39 days earlier, could colorably be filed within that 30-day deadline. That just seems to me to be an incredible leap to make. Respectfully, Your Honor, I believe the courts, and I think we're all trying to determine what the court did, I think the clearest reading of what the court did was it looked to other circuit courts and other district courts which had considered this issue and had found that the combination of section 1446, 1447, and 1448 mean that the preserved right of a defendant under section 1448 begins to run from when that defendant is a party in the case. The argument that no, the section 1448 just says you can file a motion, I would respectfully say you could do that whether section 1448 existed or not. But that's not what the statute just plainly doesn't say that. It says it's 30 days after the filing of a notice of removal. It doesn't matter who was served when. I mean, the statute couldn't be any more plain as to when the clock starts to run. And respectfully, Judge, I think obviously you're the ones who tell us what the rule means. In regard to what the circuit court meant, it interpreted it as a combination of section 1446 saying each defendant shall have 30 days after receipt. So in other words, if you are preserving a right which since 1948, section 1448 has preserved the right to seek remand, and one of the first decisions on that was a decision out of the Western District of Missouri which found no, it preserves their rights 30 days thereafter, and there are multiple, this is not the first case that has decided the 30 days runs from when that defendant is served. In fact, we cited a couple of cases from this jurisdiction, pardon me, this circuit where other federal district courts have held no, that rule is, quote, well decided by that point. But only district courts, right? Yes, sir. We haven't decided ourselves because I just think that just doesn't comply with the language of the statute. It reads out the words after the filing of the notice of removal under section 1446A. And I understand your Honor's argument. That then gets into, okay, let's decide this on the merits which under the bar of jurisdiction, if it could colorably be decided. And the circuit courts which have looked at this have all said the issue of colorability isn't whether the district court is right or wrong. It's, is there any basis for it? And given the fact that there are, in which we cited, multiple district court opinions, not just from this jurisdiction, but from all the other circuits, which find yes, that can be interpreted and should be interpreted to run from the time the defendant is served, which is also, your Honor, consistent with, and we cited three treatises, Morris Treatise, the Cyclopedia of Law, and Federal Lawyer's Practice, which all at least indicate that is a reasonable reading of that opinion. And then the fact that when the 2011 amendments were made to that statute, that 1952 case, the Missouri case, Western District of Missouri, which had interpreted this, had been out there at that point for 60 plus years, and the court did not do anything to modify or change Section 1448. The other thing I would suggest, your Honor, is that under Section 14, under Section 1440, pardon me, 1447 and the modifications under the venue clarification and jurisdiction clarification, it specifically, the purpose of it, according to the legislative history, was to clarify that later served defendants have the same rights as a defendant would have had had they been served at the time. And so if you're looking at it, a right and an obligation kind of go hand in hand. And if you have the right to accept jurisdiction during that period, and there's actually several circuit courts of appeal which have held that a later served defendant should identify within 30 days of their service whether they consent or not. Well, if you have the right and need and obligation to identify whether you consent within 30 days, here there was nothing filed showing that this gentleman consented. Instead, within 30 days, the same 30 days which all defendants should get, he filed a motion for remand which the district court had no trouble recognizing was in fact a identification of the fact he did not consent to this removal. Is it a problem though that the initial, so McClory ended up joining a motion to remand by My client. Yeah, by your client exactly. And that was late too. The underlying motion was late too. It was not 30 days. It was like 37 or 38 days. Does that pose a problem? It would if the court is going to do a deep dive and make a decision based upon its interpretation of whether or not a newly served defendant has 30 days or not under the standard of review by the Power Act's court. I would believe it does not because that's the type of deep dive this court is not allowed. And my time is up. Thank you. Mr. Harris. May it please the court. My name is Gabe Harris and I'm representing the appellee James McClory today. The rule of unanimity is not just some procedural afterthought. Its application and importance are not relegated to the single moment of a defendant's removal, especially in matters where it is the first served defendant who removes the case. This circuit has never used the first served defendant to analyze the rights and duties of later served defendants. And we can trace that all the way back to the Marano Enterprises case from 2001. So when Congress enacted the Jurisdiction and Venue Clarification Act in 2011, they codified and adopted that approach and specifically and intentionally did not adopt, for example, the Fifth Circuit's first defendant rule. It adopted instead the last defendant rule. So these timelines that we're operating on, the Eighth Circuit, this circuit has always viewed the last served defendant as the one that's going to start triggering these things. And this court is familiar with triggers. Recently in the Magnus Hecht case that I cited in my brief, this court addressed the issues of a waiver of service in the context of a remand order. And in that case, this court held that the triggers, it is important to look at the triggers that the parties, sorry, just to back that up, that that case talks about the triggers as the necessity for imposing these kind of obligations on a litigant. Mr. McLaury was never in this case until eight days before that 30-day period lapsed. And I apologize, my opposing counsel has pointed out an error in my brief where at page 14, I talked about that he was not in front of the court for jurisdiction when the window lapsed, that 30-day window lapsed. I had meant to say that when the trigger started. So my apologies now for that error in the brief, but that's the only real difference that needs to be addressed there. Because if fairness is to be applied to every single defendant in a multi-defendant action, which was the intent of Congress in amending 1446 in 2011. Are we sure about that? And I'll just ask you this question. Suppose that it was a removal, then somebody was joined, say, 12 months, two years down the line. And all this action had been taken. We'd had discovery. We'd had summary judgment motions. We had motions to dismiss. Under the rule that I think you both are advocating, I think that it would be completely fine for that later served defendant to come in and say, oops, we're amending, I've got a veto, let's send this case back to state court. Or is there some other principle that would keep that case in federal court? Well, the immediate response is in diversity cases, you can't do it after a year. So there's an easy fix for that problem. And in other cases. But a lot can happen in a year, particularly if. . .  Yeah, go ahead. And a lot can happen. A lot of unknowns can happen, which is exactly why this circuit expressly has refused to adopt any kind of wooden, hyper-technical approach to this analysis. And instead we're going to exalt substance over form. And we're not going to look here to see what was in Mr. McLaury's motion. He clearly did not consent to being in federal court. But if we're 11 months, 30 days past, and he gets served, and then he immediately says, I want this to be remanded, and the case is ready for trial. Remand, right? I mean, that's the rule you're advocating, is that remand would be required in those circumstances. Yes, Your Honor. I think that's the appropriate way. Instead of. . . Instead, removing the right of all later served defendants from being able to exert a lack of consent. Because otherwise, anybody served after 30 days, this is done. You can no longer move to remand based on a lack of unanimity. So either the lack of unanimity is for the benefit of the plaintiffs, the defendants, and the judiciary, which is the recognized rationale behind it. If it's just belonging to the plaintiff, then that should be the rule. And that can be the rule, but that's not the rule unless this court states it. So that's not the rule in 1446A, which is the actual basis for finding a lack of unanimity. The district court didn't use 1448 to say that a veto power existed there. The district court read 1446A and noticed that there was not any kind of time limitation on when a properly joined and served defendant must consent. It simply states that it has to happen. So either a later served defendant has to consent or they don't. And this court should instead adopt a rule that allows fairness for all later served defendants. Thank you. You may proceed. At bottom, GT and McGlory are asking this court to rewrite the removal statutes. Section 1447C is plain as day on timing. It says the removal defect must be raised within 30 days after the filing of the notice of removal. Neither GT's motion to remand nor McGlory's joinder to that motion was filed within 30 days of the filing of Liberty Mutual's notice of removal. They were both too late to raise a removal defect. But they say the district courts in this jurisdiction, like in our circuit and in other circuits, allow that to happen. I'm betting there's very little circuit case law on it. But they say, well, we relied on that. I don't know if there's a smattering of district court decisions that have allowed late filings of seeking remand based on a removal defect. But this court has to apply Section 1447C as it's written. It cannot rewrite the statute. And, of course, the district court decision does not allow this court to rewrite the statute. The statute says within 30 days after the filing of the notice of removal. That deadline was not met here. I mean, there's also no unfairness to James McGlory under the facts of this case. His counsel entered appearance 11 days before the deadline expires. Not eight days, but 11 days. And if he truly had some veto power where all he had to do was say, I don't consent, that could have been done immediately. That could have been a one-page motion saying, I don't consent. Instead, he waited three weeks. At that point, it was 10 days after the deadline in Section 1447C, which is the only deadline Congress has created. There's also been a lot of talk about the rule of unanimity. That rule is found only in Section 1446. Congress codified that rule in 2011 in Section 1446. And that requires the consent only of defendants who have been served at the time of removal. McGlory was not served at the time of removal, so there is no violation of the unanimity requirement under Section 1446. Nor is the consent of a defendant who has not been served at the time of removal required under any other removal statute. So there are no other questions. We ask that the court vacate the district court's remand order. Thank you. Thank you, counsel. Appreciate your argument today. You may stay at the side.